UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DALE GORDON FARRELL,<br><br>            Petitioner,<br><br>   v.<br><br>DAVID FLYNN,<br><br>            Respondent. | Case No. C19-5210 RJB-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for July 16, 2019 |

This matter comes before the Court on petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of his 2015 conviction and sentence for two counts of Assault in the Second Degree, two counts of Felony Harassment, and one count of Obstructing a Law Enforcement Officer. Dkt. 4. Petitioner presents two grounds for habeas relief: (1) Ineffective Assistance of Counsel; and (2) Violation of Due Process under the Fourteenth Amendment. For the reasons set forth below, the undersigned recommends that the petition be DISMISSED. Also for the reasons set forth below, the undersigned recommends that issuance of the certificate of appealability (COA) be DENIED.

## BACKGROUND

I. Statement of Facts

The Washington Court of Appeals summarized the facts relevant to this matter as follows:

> On October 3, 2014, Dori LeBouef noticed her next-door neighbor, Dale Gordon Farrell, erratically run to the property line separating her property from Farrell's. LeBoeuf had obtained a no-contact order against Farrell in May.

LeBoeuf observed Farrell waiving a knife with "a good size blade on it" and yelling, "Dori, you f*cking c*nt. I'm going to kill you. Yes, you. You f*cking c*nt, I'm going to kill you." Farrell appeared agitated, and his actions seemed unpredictable. LeBoeuf feared for her life and called 911.

While LeBouef was on the phone with the 911 operator, her other next-door neighbor, Lisa Hardy, arrived home. Hardy had also obtained a no-contact order against Farrell a few months prior. While Hardy walked across her yard to her mailbox, Farrell looked at her and yelled, "Hey, you mother f*cking c*nt, dyke b*tch, whore, I will kill all of you motherf*ckers." While Farrell yelled at Hardy, he jabbed a knife approximately six inches in length in the air. Hardy was afraid Farrell would kill her and her neighbors, and she called 911. Farrell never left his property and he maintained a distance of at least 25 feet from both Hardy and LeBoeuf.

Officers responded and observed Farrell with a standard steak knife. Soon after, Farrell was placed under arrest. The State charged Farrell with two counts of second degree assault, with special allegations that Farrell was armed with a deadly weapon, two counts of violation of a protection order, and three additional charges.

Before trial, the State filed a motion in limine to admit Hardy's and LeBoeuf's no-contact orders into evidence under ER 404(b) because the orders were directly relevant to Farrell's violation of a protection order charges. Farrell did not object. At trial, witnesses testified to the above facts, and the no-contact orders were admitted into evidence. Farrell also testified in his defense.

Prior to closing arguments, the trial court granted Farrell and the State's joint motion to dismiss the violation of a protection order charges. Then, Farrell proposed a limiting instruction directing the jury to "disregard any and all evidence regarding any protection orders issued with respect to Lisa Hardy or Dori Leboeuf. [sic.]" The State agreed that a limiting instruction was appropriate but argued that the no-contact orders were admissible under ER 404(b) to prove Farrell's motive in the second-degree assaults and to show Hardy's and LeBoeuf's reasonable apprehension of bodily injury.

The trial court determined that the no-contact orders were admissible under ER 404(b). The trial court stated that the no-contact orders were "probative, and the prejudice does not substantial outweigh the probative value of the admission of the protection orders themselves." The trial court declined to give Farrell's proposed limiting instruction, but it provided the following limiting instruction:

Certain evidence has been admitted in this case consisting of two protection orders …. The charges alleging that Dale Farrell violated those have been dismissed …. You may only consider this evidence, if at all, for the limited purpose of motive and/or the alleged victims' state of mind, and for no other purpose.

The trial court also instructed the jury that "[a] person commits the crime of Assault in the Second Degree when he assaults another with a deadly weapon." The court defined a "deadly weapon" as "any weapon, device, instrument, substance, or article, which under the circumstances in which it is used, attempted

REPORT AND RECOMMENDATION - 2

> to be used, or threatened to be used, is readily capable of causing death or
> substantial bodily harm." The jury returned guilty verdicts for both counts of
> second degree assault. Farrell appeals.

Dkt. 10-1 at 96-99.

II. <u>State Court Procedural History</u>

Petitioner appealed his conviction and sentence alleging the following grounds for relief: 1) The state failed to prove beyond a reasonable doubt that the steak knife was a deadly weapon; 2) The state failed to prove beyond a reasonable doubt assault in the second degree; 3) Petitioner was denied his right to a fair trial when the trial court erred by admitting ER 404 propensity evidence and failed to conduct an ER 403 analysis; and 4) Trial counsel was ineffective for failing to move for a mistrial. Dkt. 10-1 at 21-48. On August 5, 2016, petitioner, acting on his own behalf, submitted a statement of additional grounds for review. Dkt. 10-1 at 92-94.

Petitioner's additional grounds for review included: alleged prosecutorial misconduct, an invalid search warrant, witness misconduct, and ineffective assistance of counsel.[1] On January 31, 2017, in an unpublished opinion, the Washington Court of Appeals affirmed Farrell's conviction. Dkt. 10-1 96-112. On March 31, 2017, the Washington Court of Appeal issued a mandate certifying the termination of the review of petitioner's appeal. Dkt. 10-1 at 114.

On October 23, 2017 petitioner filed a collateral personal restraint petition with the Washington Court of Appeals challenging his conviction and sentence. Dkt. 10-1 at 116-140. Petitioner identified only one ground for relief, ineffective assistance of trial counsel. Dkt. 10-1 at 119. Petitioner alleged that trial counsel was ineffective because counsel: 1) failed to call a private investigator as a witness; 2) was unprepared for trial; and 3) failed to object to purportedly false and inadmissible evidence. Dkt. 10-1 at 119, 126-139. Further, without

---

[1] Raising additional purported deficiencies not address in petitioner's initial brief.

REPORT AND RECOMMENDATION - 3

identifying them as independent grounds for review, petitioner argued that he was prejudiced by a one-year delay in his trial and that the prosecution had failed to meet their burden of proof during his trial. Dkt. 10-1 at 119-20, 133-139.

On January 26, 2018, the State of Washington filed a brief in response to petitioner's personal restraint petition. Dkt. 10-1 at 142-148. On February 15, 2018 petitioner filed a motion for discretionary review to the Washington Court of Appeals. Dkt. 10-1 at 184-186. Petitioner's motion for discretionary review was treated as a reply to the State of Washington's brief in response to the personal restraint petition. Dkt. 10-1 at 188. On April 17, 2018, the Washington Court of Appeals dismissed the petition as frivolous. Dkt. 10-1 at 190-191. The certificate of finality for this dismissal was issued on May 31, 2018. Dkt. 10-1 at 193.

Petitioner filed this petition for writ of federal habeas corpus on March 20, 2019. Dkt. 1. Petitioner alleges two grounds for relief. Dkt. 4 at 7, 12. First, petitioner alleges ineffective assistance of counsel because his trial counsel: A) failed to move for mistrial, B) refused to call a private investigator as a witness and C) failed to object to inadmissible evidence. Dkt. 4 at 7-8. Second, petitioner alleges that his right to due process under the Fourteenth Amendment was violated because his attorney did not call a private investigator as a witness to testify regarding alleged police and prosecutorial misconduct. Dkt. 4 at 12.

## EVIDENTIARY HEARING

In a proceeding instituted by the filing of a federal habeas corpus petition by a person in custody pursuant to a judgment of a state court, the "determination of a factual issue" made by that court "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* Where he or she "has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court," an evidentiary hearing is not

REPORT AND RECOMMENDATION - 4

precluded. *Baja v. Ducharme*, 187 F.3d 1075, 1078-79 (9th Cir. 1999) (quoting *Cardwell v. Greene*, 152 F.3d 331, 337 (4th Cir. 1998)).

If, however, the petitioner fails to develop "the factual basis of a claim" in the state court proceedings, an evidentiary hearing on that claim will not be held, unless the petitioner shows:

(A) the claim relies on--

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense

28 U.S.C. § 2254(e)(2). The phrase "failed to develop" contained in 28 U.S.C. § 2254(e)(2) "implies some lack of diligence" on the petitioner's part. *Williams v. Taylor*, 529 U.S. 420, 430-31 (2000).

Thus, "a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the [petitioner] or the [petitioner's] counsel." *Id.* at 432. Accordingly, "[i]f there has been no lack of diligence at the relevant stages in the state proceedings, the [petitioner] has not 'failed to develop' the facts under § 2254(e)(2)," and he or she "will be excused from showing compliance with the balance of [that] subsection's requirements." *Id.* at 437.

"[A]n evidentiary hearing . . . is required where the petitioner's allegations, if true, would entitle him to relief, and the petitioner has satisfied the requirements [the Supreme Court set forth in] *Townsend v. Sain*, 372 U.S. 293 (1963)." *Stanley v. Schriro*, 598 F.3d 612, 624 (9th Cir. 2010).

REPORT AND RECOMMENDATION - 5

An evidentiary hearing, therefore, "is required when the petitioner's allegations, if proven, would establish the right to relief," but it "is *not* required on issues that can be resolved by reference to the state court record." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) (emphasis in the original); *see also Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

Here, "[t]here is no indication from the arguments presented" by petitioner "that an evidentiary hearing would in any way shed new light on the" grounds for relief raised in his petition. *Totten*, 137 F.2d at 1177.

Because, as discussed below, the petition is untimely and procedurally barred, the petition may be resolved based solely on the state court record, and an evidentiary hearing is not required.

## STATUTE OF LIMITATTIONS

I. <u>28 U.S.C. § 2244</u>

A state prisoner's habeas petition to a federal district court is subject to the statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Pursuant to Section 2244(d)(1) a person in custody pursuant to the judgment of a state court must file a petition for writ of habeas corpus within one year from the latest of:

(A) the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking for such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

REPORT AND RECOMMENDATION - 6

(D) the date on which the factual predicate of claims or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)

The statute of limitation set by Section 2244(d)(1)(A) begins to run when the petitioner's direct appeal concludes, even if the petitioner seeks subsequent or concurrent collateral review. See, 28 U.S.C. § 2244(d)(1)(A), *McMonagle v. Myer*, 802 F.3d 1093, 1097 (9th Cir. 2015). The question of when a conviction becomes final for purposes of Section 2244(d)(1)(A) is a question of federal law. *McMonagle*, 802 F.3d at 1097. However, this federal question is "heavily informed" by looking at state law to determine when the direct review in state court has ended. *See, Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001) (looking to Washington law to determine when direct review of a Washington conviction concluded.)

Pursuant to Washington Rule of Appellate Procedure (RAP) 13.4(a), a party seeking discretionary review by the Washington Supreme Court must file a petition for review within 30 days after the Court of Appeals decision terminating review. For purposes of Section 2244(d)(1)(A), the direct review of a petition terminates when the reviewing court renders its decision, regardless of when the mandate of the decision is entered. *White v. Klitzkie*, 281 F.3d 920, 923 n.4 (9th Cir. 2002).

II. Statutory Tolling

Section 2244(d)(2) provides that the statute of limitation under Section 2244(d)(1) is statutorily tolled for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is pending." 28 U.S.C. § 2244(d)(2), *White*, 281 F.3d at 924.

The statute of limitation is only tolled for the period during which a round of review is pending. *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010). A petition for review is pending

"until the application has achieved final resolution through the State's post-conviction procedure." *Carey v. Saffold*, 536 U.S. 214, 220 (2002).

Accordingly, while the petitioner's state court review process is ascending from the lowest state court to the highest, the statute of limitation is tolled, "not only for the time that his petitions were actually under consideration, but also for the intervals between filings, while he worked his way up the ladder." *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003). Two petitions are part of the same round of review, if, the second petition is limited to an elaboration of the facts relating to the claims in the first petition, in an attempt to correct the deficiencies of the first petition, and the first petition was decided on the merits. *Banjo*, 614 F.3d at 968-69.

While the intervals within a single round of review are tolled, the interval between separate rounds of collateral attack are not tolled. *Biggs*, 339 F.3d at 1048. Once the claims raised in a petition have exhausted the state's post-conviction procedures the round of review is complete. *Biggs*, 339 F.3d at 1048. If a petitioner files a subsequent petition for collateral review after exhausting the initial state procedure, they have initiated a separate round of review. *Biggs*, 339 F.3d at 1048. Therefore, while the second petition tolls the statute of limitation from the date that the petition was filed, the interval between the two petitions is not tolled. 28 U.S.C. § 2244(d)(2), *Biggs*, 339 F.3d at 1048.

III. <u>Equitable Tolling</u>

In addition to statutory tolling, the statute of limitations set forth in Section 2244(d)(1) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if the petitioner shows, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotations omitted.) The diligence required for the first prong of this test is reasonable diligence, not the maximum

feasible diligence. *Holland*, 560 U.S. at 654. The petitioner must also show that extraordinary external forces, rather than a petitioner's lack of diligence, caused the untimeliness and made it impossible to file a timely petition. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009), *Miles v. Prunty*, 187 F.3d 1104, 107 (9th Cir. 1999).

IV. Discussion

Petitioner does not allege that the State has impeded his ability to file a timely petition for writ of habeas corpus, and the petition is not based on a newly recognized constitutional right or newly discovered evidence. Dkt. 4. Accordingly, subsections (B), (C) and (D) of 28 U.S.C. §2244(d)(1) are not applicable to this petition. Therefore, the statute of limitation for petitioner to file a federal habeas corpus petition began to run on the date on which his conviction and sentence became final. The sequence of events is discussed below.

The statute of limitation for the current habeas corpus petition ran from March 2, 2017 to October 23, 2017 and from April 17, 2018 to the March 20, 2019, the date petitioner filed the instant petition. The statute of limitation ran for 235 days from March 2, 2017 to October 23, 2017. Therefore, petitioner had 130 days from April 17, 2018 to file a petition for habeas corpus review. Accordingly, petitioner's statute of limitation to file the current petition expired on August 25, 2018. Because petitioner did not file the instant petition until March 20, 2019, well beyond the one-year statute of limitation imposed by 28 U.S.C. § 2244, the petition is untimely.

The Washington Court of Appeals affirmed petitioner's conviction on January 31, 2017. Dkt. 10-1 at 96-112. Therefore, the direct review of petitioner's conviction and sentence concluded on January 31, 2017.[2]

---

[2] Direct review of a petition terminates when the reviewing court renders its decision, not when the mandate of the decision is entered. *White v. Klitzkie*, 281 F.3d 920, 923 n.4 (9th Cir. 2002).

REPORT AND RECOMMENDATION - 9

1       Pursuant to Washington Rule of Appellate Procedure 13.4(a), petitioner had 30 days from January 31, 2017 to seek discretionary review of this decision by the Washington Supreme Court. Petitioner did not appeal this decision to the Washington Supreme Court. Pursuant to 28 U.S.C. § 2244(d)(1)(A) the statute of limitation to file a habeas corpus petition begins to run when the judgment becomes final "by conclusion of direct review or expiration of the time for seeking for such review." Accordingly, petitioner's statute of limitation to file a petition for habeas corpus review began to run on March 2, 2017.[3]

      The Court notes that although petitioner filed a collateral attack on the judgment, this is immaterial to the determination of when the statute of limitation period began. The statute of limitation set by Section 2244(d)(1)(A) begins to run at the conclusion of all direct appeals, irrespective of any petitions for collateral review.

      Petitioner is entitled to statutory tolling of the statute of limitation while all properly filed petitions for direct or collateral review of his conviction are pending. 28 U.S.C. § 2244(d)(2). On October 23, 2017 petitioner filed a personal restraint petition to the Washington Court of Appeals challenging his conviction. Dkt. 10-1 at 116-140. On February 15, 2018 petitioner filed a motion for discretionary review. Dkt. 10-1 at 184. However, it appears that petitioner mistakenly believed that the State of Washington's response to his petition was the Washington Court of Appeal's order affirming his conviction. Dkt. 10-1 at 185. In his motion for discretionary review petitioner makes arguments responding to the State's response to his personal restraint petition. Dkt. 185-86.

      The Washington Court of Appeals treated petitioner's "Motion for Discretionary Review" as a reply to the State's response to the personal restraint petition. Dkt. 10-1 at 188.

---

[3] 30 days after the conclusion of petitioner's direct appeal on January 30, 2017.

REPORT AND RECOMMENDATION - 10

On April 17, 2018 the Washington Court of Appeals dismissed petitioner's personal restraint petition. Dkt. 10-1 at 190. Petitioner did not seek further review of this petition. Therefore, because no issue remained pending, the personal restraint petition was terminated on April 17, 2018. The statute of limitation was statutorily tolled from October 23, 2017 to April 17, 2018.

The statute of limitation was not tolled for the interval between the termination of petitioner's direct appeal on March 2, 2017 and the filing of petitioner's collateral appeal on October 23, 2017. Although the interval between different petitions for review are tolled within each round of review, the interval between separate rounds of review are not tolled. Petitioner's personal restraint petition did not seek review of petitioner's direct appeal, it was an independent collateral attack on petitioner's conviction and sentence. Further, the personal restrain petition was not a continuation of the direct appeal because it was filed 235 days after the time to seek review of the direct appeal expired on March 2, 2017. Therefore, the state review procedures for the direct appeal were exhausted and any attempted continuance would be untimely. For these reasons, the petitioner's two petitions are not a part of the same round of review and the interval between the petitions is not tolled.

A petitioner is entitled to equitable tolling only if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted.) Petitioner has presented no argument or evidence establishing that he is entitled to the equitable tolling of the statute of limitation. Therefore, the statute of limitation is not subject to the doctrine of equitable tolling.

V. Conclusion

The instant petition is barred by the one-year statute of limitation and the Court should dismiss the petition.

REPORT AND RECOMMENDATION - 11

# EXHAUSTION OF STATE COURT REMEDIES

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor,* 404 U.S. 270, 275 (1971). Claims for relief that have not been exhausted in state court are not cognizable in a federal habeas corpus petition. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A complete round of the state's established review process includes presentation of a petitioner's claim to the state's highest court. *James*, 24 F.3d at 24. A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

The exhaustion prerequisite under Section 2254(b)(1) "refers only to remedies still available at the time of the federal petition." *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982). Therefore, "if a claim is unexhausted but state procedural rules would now bar consideration of the claim, it is technically exhausted but will be deemed procedurally defaulted unless the petitioner can show cause and prejudice." *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011). If the state procedural rule barring consideration of the claim is an independent and adequate state-law ground for the default, the federal courts are barred from reviewing the habeas corpus petition as to the defaulted claims. *Gray v. Netherlands*, 518 U.S. 152, 162 (1996), *Cooper*, 641 F.3d at 327. When the failure to raise a federal claim in compliance with relevant state procedure bars review of a claim, the relevant state procedural bar provides an independent and

adequate state law ground for the conviction and sentence. *Trevino v. Thaler*, 569 U.S. 413, 421 (2013), *Cone v. Bell*, 556 U.S. 449, 465 (2009), *Gray*, 518 U.S. at 162.

"If a petitioner has procedurally defaulted on a claim, a federal court may nonetheless consider the claim if he shows: (1) good cause for his failure to exhaust the claim; and (2) prejudice from the purported constitutional violation; or (3) demonstrates that not hearing the claim would result in a 'fundamental miscarriage of justice.'" *Cooper*, 641 F.3d at 327. Cause exists where something external to the petitioner, which cannot be fairly attributed to the petitioner, prevents the petitioner from complying with the state procedural rule. *Maples v. Thomas*, 565 U.S. 266, 281 (2012). In certain circumstances, ineffective assistance of appellate counsel can constitute cause for the purpose of overcoming a procedural default. *Trevino*, 569 U.S. at 423.

Petitioner did not seek review to the Washington Supreme Court for either the direct appeal or the personal restraint petition. Therefore, petitioner has failed to exhaust his state court remedies with regards to his claims in the current petition. By failing to seek further review within 30 days, as required by Washington Rule of Appellate Procedure 13.4(a), petitioner is now procedurally bared, by state law, from seeking further review. Accordingly, this Court is barred from reviewing petitioner's procedurally defaulted claims, unless petitioner can show "(1) good cause for his failure to exhaust the claim; and (2) prejudice from the purported constitutional violation; or (3) demonstrate that not hearing the claim would result in a fundamental miscarriage of justice." *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011) (internal quotations omitted.)

Petitioner has not argued that good cause exists to excuse the failure to exhaust his claims. The Court notes that petitioner has alleged ineffective assistance of trial counsel as a

ground for relief. Ineffective assistance of counsel only constitutes cause to excuse procedural default if the ineffective counsel was appellate counsel. *Trevino*, 569 U.S. at 423. Accordingly, petitioner has provided no cause to excuse his procedural default. Further, petitioner has not argued that not hearing the claims would result in "a fundamental miscarriage of justice."

Petitioner's claims are barred as procedurally defaulted and therefore this Court should dismiss petitioner's claims.

## ACTUAL INNOCENCE

"Actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, […] or […] expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (*citing to House v. Bell*, 547 U.S. 518, 538 (2006)). A credible showing of innocence may allow a prisoner to pursue constitutional claims on their merits, even when the claims would otherwise be barred on procedural grounds. *McQuiggin*, 569 U.S. at 392. However, the application of this actual innocence exception is rare because the petitioner must "persuade the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin* 569 U.S. at 386.

Petitioner has not argued that he can show actual innocence in this matter. Further, petitioner has not made a credible showing of his actual innocence in this matter. Accordingly, the rarely applied actual innocence exception does not apply to the current petition.

## CERTIFICATE OF APPEALABILITY

If the Court adopts the undersigned's Report and Recommendation, it must determine whether a COA should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner

REPORT AND RECOMMENDATION - 14

has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The undersigned recommends that petitioner not be issued a COA. No jurist of reason could disagree with the above evaluation of his constitutional claims or conclude that the issues presented deserve encouragement to proceed further. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

CONCLUSION

Based on the running of the statute of limitations, and procedural default, , the undersigned recommends that the Court dismiss the petition for writ of *habeas corpus* with prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **July 16, 2019**, as noted in the caption.

Dated this 2nd day of July, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 15